July 8, 2016

*By e-filing*

The Honorable Ronnie Abrams,
    United States District Judge,
        U.S. District Court for the Southern District of New York,
            40 Foley Square, Room 2203,
                New York, New York 10097-1312.

    Re:    *Barkau* v. *California Resources Corporation*, No. 16-cv-02971

Dear Judge Abrams:

    We write jointly on behalf of, respectively, plaintiff Bradley Barkau ("Plaintiff") and defendant California Resources Corporation ("Defendant") pursuant to the Court's June 30, 2016 directive that the parties "submit a joint letter clarifying whether they seek to have the initial conference shortly after the motion is fully briefed and/or whether any party seeks to stay discovery pending resolution of the motion." As the parties previously informed the Court, given that Defendant will file today its motion to dismiss the Complaint, the parties have agreed to defer the initial conference until briefing is complete on October 7, 2016. The parties disagree, however, as to whether discovery and case management proceedings should be deferred beyond that time. The parties' respective positions are outlined briefly below.

    ***Plaintiff's Position***. Plaintiff submits that a stay of discovery pending resolution of Defendant's anticipated motion to dismiss is premature at this time. Defendant's position would require Plaintiff to consent to a stay of discovery prior to Defendant's filing of the motion to dismiss, and thus without an opportunity to review the motion. As noted by Defendant *infra*, a motion to dismiss does not automatically stay discovery in this case, and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)(cited in *Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010)). Indeed, despite universally applicable efficiency concerns, the "norm [is] that, 'except in cases covered by the Private Securities Litigation Reform Act, a motion to dismiss does not automatically stay discovery." *Barrett v. Forest Labs., Inc.*, 2015 WL 4111827, at *3 (citing and quoting *Brooks*, 2010 WL 5297756, at *1) (brackets omitted). This action is not covered by the PSLRA, and therefore discovery should not should not be stayed.

    Further, a stay of discovery pending Defendant's motion to dismiss is not appropriate here, where Defendant has yet to demonstrate that a stay is "supported by substantial arguments for dismissal[.]" *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotations and citations omitted). In other words, to justify a stay of discovery, Defendant must make a "strong showing that the plaintiff's claim is unmeritorious." *Id*. Prior to the filing of this letter, Defendant has yet to present its argument before the Court concerning the merits of Plaintiff's claims. Moreover, as Defendant concedes *infra*, similar cases have been filed in this District, but motions to dismiss in those cases have not been ruled upon. Accordingly, Defendant cannot make a strong showing that Plaintiff's claim is

Hon. Ronnie Abrams                                                                                                          -2-

unmeritorious at this juncture.  Nonetheless, Plaintiff's counsel have discussed with Defendant's counsel a stay of discovery and have proposed a more limited and reasonable sixty (60) to ninety (90) day stay, so that Plaintiff's counsel may determine the necessity of discovery in responding to Defendant's anticipated motion upon their review of such motion.

*Defendant's Position*.  Defendant submits that, in the interests of efficiency and judicial economy, discovery should be stayed pending resolution of Defendant's motion to dismiss.  Plaintiff's claims, arising under the Trust Indenture Act of 1939 (the "TIA") and state law, challenge a debt exchange offer on novel grounds.  No court has applied the TIA (or state law) to prohibit exchange offers like the one at issue here, although several cases have been filed in this Court raising similar challenges and remain pending.  *See Waxman* v. *Cliffs Natural Res. Inc.*, No. 16-cv-01899-RWS; *Culp* v. *Vanguard Natural Res., LLC*, No. 16-cv-02303-PKC; *Cummings* v. *Chesapeake Energy Corp.*, No. 16-cv-02338 (filed in S.D.N.Y. and subsequently transferred to W.D. Okla.).

Defendant's motion, which will be filed later today, argues that Plaintiff's claims are legally defective for lack of standing (because Plaintiff has not suffered an injury-in-fact) and failure to state a claim (because neither the TIA nor state law prohibit the type of routine corporate debt transaction being challenged here).  If granted, Defendant's motion will dispose of the entire action.  Defendant therefore respectfully submits that it would be a waste of both party and judicial resources to engage in discovery and related case management proceedings before the Court decides those threshold and potentially dispositive issues.  Although the automatic discovery stay provided for in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), is not directly applicable to Plaintiff's claims, the rationale for that provision—to avoid potentially unnecessary and wasteful discovery efforts during the pendency of a motion to dismiss—applies equally here.  "[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint."  *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (quoting *Vacold LLC* v. *Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001)).  Accordingly, Defendants request that the Court stay discovery in the action until resolution of Defendants' motion to dismiss the Complaint.

We appreciate the Court's attention to this matter.  Counsel are available at the Court's convenience to answer any questions.

Respectfully submitted,

/s Eduard Korsinsky                                          /s Darrell S. Cafasso

Eduard Korsinsky                                             Darrell S. Cafasso
LEVI & KORSKINSKY LLP                                        SULLIVAN & CROMWELL LLP

*Counsel to Plaintiff*                                       *Counsel to Defendant*